There must be a decree for the plaintiffs, and a reference to a master to take proof of the loss of profits sustained on account of the infringement, upon the principles above stated.

[For other cases involving this patent, see note to Bicknell v. Todd, Case No. 1,389.]

## Case No. 18,012.

### WOODWORTH v. CURTIS.

[Cited in Gibson v. Gifford, Case No. 5,395, note. Nowhere reported; opinion not now accessible.]

## Case No. 18,013.

### WOODWORTH v. CURTIS.

[2 Woodb. & M. 524; 1 2 Robb, Pat. Cas. 603.]

Circuit Court, D. Massachusetts. May Term, 1847.

PATENT FOR PLANING MACHINE—LICENSE TO USE.

1. Where A. owns the patent right to a planing machine, and conveys to B. the authority to use one in a certain county, B. may erect as well as use that one, so he may build and use another instead of it, but not both at one time.
[Cited in Steam Cutter Co. v. Sheldon, Case No. 13,331; Hamilton v. Kingsbury, Id. 5,-984; Morgan Envelope Co. v. Albany P. W. P. Co., 152 U. S. 425, 14 Sup. Ct. 630; Illingworth v. Spaulding, 43 Fed. 831.]

2. When the term expires, that machine, then in use under the conveyance from A., may, without any new license or grant, be employed till it wears out or is destroyed, either by B. or his assigns, notwithstanding A. has obtained an extension and renewal of his patent right.

This was a bill in equity, praying for an injunction against the use, by the respondent, of the planing machine invented by William Woodworth. The plaintiff claimed to be possessed of Woodworth's rights, and also Emmons's under a like patent. The answer of the respondent [Hiram Curtis] admits the use of one of said machines in Boston, in the county of Suffolk, but insists on his authority to do it under a license from the proprietors of the patents for said machine. Several assignments were given in evidence to sustain his authority, and several affidavits on both sides were filed, tending to prove that the present machine used by the defendant was not the first one that had been put in operation under the license, and that this and another had at times been run together, and that the respondent purchased this machine of Tothill after the first patents expired.

B. R. Curtis, for complainant.
Charles L. Woodbury, for respondent.

WOODBURY, Circuit Justice. It is conceded that Richard Urann, May 26, 1840, had become proprietor of the patent right to use the Woodworth planing machine in the county of Suffolk. On that day he granted to

1 [Reported by Charles L. Woodbury, Esq., and George Minot, Esq.]

Thomas H. Holland, under his hand and seal, as follows: "I do license and empower the said Thomas H. Holland and his assigns, to use one machine in Boston aforesaid, constructed according to the specification under either of said patents," etc. "during the continuance of the term for which the said letters patent were respectively granted," etc. On the 13th of March, 1846, Holland assigned his rights, under that conveyance or power, to "William Tothill, his heirs and assigns forever;" and Tothill, on the 8th day of August, 1846, assigned the same to the respondent, "Hiram Curtis, his heirs and assigns." It is not to be doubted, that the intention of the parties to these instruments was to convey a right to use one of these machines in Boston, during the continuance of the patents which were in being, May 26, 1840.

The first question is, did this involve the right to make or procure to be made, the machine thus permitted to be used? I think it did. Otherwise the whole license might be defeated, if the grantor refused to make for him at all, or to make at any but an exorbitant price, or demanded another consideration for a right in the grantee to make for himself, under a license like this, to use one machine. From the nature of the transaction and the subject matter, as well as the terms in the conveyance about the machine, being "constructed according to the specification under either of said patents," it is probable both parties contemplated that the grantee should construct as well as use one. In respect to some patents, the rights to make, vend or use may be distinguishable from each other, yet they all are united in this patentee; and he may so convey the right to make, as to involve or include the right either to sell or use what the grantee makes. And he may so convey the right to use, as to imply the right to sell within the same limits, as well as to make machines within them. The circumstances, nature, and words of each grant must decide the construction, which is just and legal. This point is not without difficulty; but the contemporaneous construction put on the grant, by the purchaser proceeding at once to make, or cause to be made, a machine to use under his grant, and he and his grantees continuing to use at least one so made, without complaint from either the grantor or owner of the patent, for several years and till the term expired, inclines the scales in favor of the respondent's view.

The next question is, did the grant include the use of a machine during the term, though changed or amended, within the time? The first one built might wear out, or, what was very likely, be destroyed by fire, or be constructed erroneously in some important respects, or be disused entirely for some time from want of repair. Could a different one be run in such events? My opinion is, it could, as the license to use one machine